**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 15-41956-pwb |
| STEVEN MICHAEL BARNEY and ) | |
| MARY JO BARNEY, ) | |
| ) | Chapter 13 |
| Debtors. ) | |
| ) | |

**AMENDED CHAPTER 13 PLAN**

**Extension (XX)**                           **Composition ( )**

You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.

Debtors (hereinafter called "Debtors") propose this Chapter 13 Plan:

**1**. **Submission of Income**. Debtors submit to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtors as is necessary for the execution of this Plan.

**2**. **Plan Payments and Length of Plan.** Debtors will pay the sum of **$1,733.00** per month to Trustee by [ ] Payroll Deduction(s) or by [x] Direct Payment(s) for the applicable commitment period of 60 months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time.  Debtors estimate that the plan term shall be 60 months. *See* 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

**3**. **Claims Generally. The amounts listed for claims in this Plan are based upon Debtors' best estimate and belief.** An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation.

**4**. **Administrative Claims**. Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

(A). **Trustee's Fees**. Trustee shall receive a fee for each disbursement, the

percentage of which is fixed by the United States Trustee.

(B). **Debtors' Attorney's Fees**. Debtors and Debtors' attorney have agreed to a base attorney fee in the amount of **$4,500.00** for the services identified in the Rule 2016(b) disclosure statement filed in this case. The amount of **$1,000.00** was paid prior to the filing of the case. The balance of the fee shall be disbursed by Trustee as follows: (1) Upon the first disbursement following confirmation of a Plan, the Trustee shall disburse to Debtors' attorney from the proceeds available and paid into the office of the Trustee by Debtors or on Debtors' behalf, up to **$3,000.00** after the payment of adequate protection payments and administrative fees. The remaining balance of the fees shall be paid up to **$200.00** per month until the fees are paid in full; (2) If the case is dismissed or converted prior to confirmation of the plan, the Trustee shall pay fees to Debtors' attorney from the proceeds available and paid into the office of the Trustee by Debtors or on Debtors' behalf, all funds remaining, not to exceed **$3,000.00**, after payment of any unpaid filing fees, Trustee's fees and expenses, and adequate protection payments, if applicable.

Fees for any non-base services as identified in the Rule 2016(b) disclosure statement identified in this case are to be paid after approval by the Court of the appropriate applications for those fees.

**5**. **Priority Claims**.

(A). **Domestic Support Obligations**.

___X___   None. If none, skip to Plan paragraph 5(B).

(i). Debtors is required to pay all post-petition domestic support obligations directly to the holder of the claim.

(ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows. *See* 11 U.S.C. §§ 101(14A) and 1302(b)(6).

(iii). Anticipated Domestic Support Obligation Arrearage Claims

(a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executor contracts.
___X___   None; or

(b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

      __X__   None; or

          Claimant and proposed treatment: _____
          _____

   (B). **Other Priority Claims (e.g., tax claims)**. These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a) Creditor | (b) Priority claim |
|---|---|
| **Internal Revenue Service** | $ 17,556.00 |
| **Georgia Dept. of Revenue** | $ 7,828.00 |

**6**. **Secured Claims**.

   (A). **Claims Secured by Personal Property Which Debtors Intends to Retain**.

      (i). **Pre-confirmation adequate protection payments**. No later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtors shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtors elect to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtors elects to make such adequate protection payments directly to the creditor, Debtors shall provide evidence of such payment to the Trustee, including the amount and date of the payment.

   Debtors shall make the following adequate protection payments:

| (a) Creditor | (b) Collateral | (c) Monthly adequate protection payment (est.) |
|---|---|---|
| **Credit Acceptance** | 2006 BMW 330i | $113.00 |
| **Ford Credit** | 2007 Ford F-150 | $39.00 |
| **Harley-Davidson Credit Corp.** | 2011 Harley Davidson FLTRUSE Screamin' Eagle | $300.00 |

     (ii). **Post confirmation payments**. Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in

subparagraphs (a) and (b). If Debtors elects to propose a different method of payment, such provision is set forth in subparagraph (c).

(a). **Claims to Which § 506 Valuation is NOT Applicable**. Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* §1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

NONE

(b). **Claims to Which § 506 Valuation is Applicable**. Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Replacement Value | (e) Interest rate | (f) Estimated monthly payment |
|---|---|---|---|---|---|
| **Ford Credit** | 2007 Ford F-150 | November 2007 | $ 2,046.00 (est. claim amt.) | 5.0% | $ 39.00 |
| **Credit Acceptance** | 2006 BMW 330i | 10/30/2012 | $6,000.00 | 5.0% | $ 113.00 |
| **Harley-Davidson Credit Corp.** | 2011 Harley-Davidson Screaming Eagle | 5/31/2012 | $15,971.00 | 5.0% | $ 300.00 |

4

(c). **Other provisions**.

(B). **Claims Secured by Real Property Which Debtors Intend to Retain**. Debtors will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

    X    None

(C). **Surrender of Collateral**. Debtors will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any claim filed by a secured lien holder whose collateral is surrendered will be treated as unsecured. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtors stay, or to abrogate Debtors' state law contract rights:

| (a) Creditor | (b) Property description |
|---|---|
| **Nationstar Bank** | 351 Adelaide Xing, Acworth, GA |
| **Bentwater HOA** | 351 Adelaide Xing, Acworth, GA |

**7**. **Unsecured Claims**. Debtors estimate that the total of general unsecured debt not separately classified in Plan paragraph 10 is $37,128.00. After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of $37,128.00 or 100%, whichever is greater.  Trustee is authorized to increase this dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

**8**. **Executory Contracts and Unexpired Leases**.  The following executorY contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtors, not through Trustee, as set forth below in column (c).

5

Debtors propose to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors. All other executorY contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

   X    None

**9**. **Property of the Estate**. Property of the estate shall not vest in Debtors until the earlier of Debtors' discharge or dismissal of this case, unless the Court orders otherwise.

**10**. **Other Provisions**:

(A). **Special classes of unsecured claims**: None

(B). **Other direct payments to creditors**.

   X    None

(C). **Other allowed secured claims.** A proof of claim which is filed and allowed as a secured claim, but is not treated specifically under the plan, shall be funded with 3.0% interest as funds become available after satisfaction of the allowed secured claims which have been treated by the plan and prior to payment of allowed non-administrative priority claims (except domestic support obligation claims as set forth in paragraph 5(A), above) and general unsecured claims. Notwithstanding the foregoing, the Debtors or any other party in interest may object to the allowance of the claim.

(D). **Claims subject to lien avoidance pursuant to 11 U.S.C. § 522(f)**. The allowed secured claim of each creditor listed below shall not be funded until all allowed, secured claims which are being treated by the plan are satisfied. If an order is entered avoiding the creditor's lien, that creditor's claim shall be treated as a general, unsecured claim to the extent it is not otherwise secured by property of the estate and treated by the plan. To the extent that the creditor's lien is not avoided and is not otherwise treated by the plan, the secured claim shall be funded as set forth in the above paragraph. This paragraph shall apply to the following creditors:
   X    None

(E). **Fees, expenses, and charges under Fed. R. Bankr. P. 3002.1(c).** No fees, expenses, or charges asserted under Fed. R. Bankr. P. 3002.1(c) shall be funded through this Plan. Debtors will pay any such post-petition expenses outside the Plan unless the Court has disallowed them pursuant to a Motion filed under Fed. R. Bankr. P. 3002.1(e).

Date: November 2, 2015

6

/s/ *Steven Michael Barney, Jr.*

STEVEN MICHAEL BARNEY, JR.
Debtor

/s/ *Mary Jo Barney*

MARY JO BARNEY
Debtor

THE ROTHBLOOM LAW FIRM

*/S/ Adam D. Herring*
HOWARD D. ROTHBLOOM
Georgia Bar No. 915670
ADAM D. HERRING
Georgia Bar No. 441119
Attorneys for Debtors
31 Atlanta St.
Marietta, GA 30060
770-792-3636 (voice)
770-792-3281 (fax)
howard@rothbloom.com